# In the United States District Court for the Southern District of Georgia Waycross Division

DORIAN ABAD AMBROSI,

    Petitioner,

v.

WARDEN, FOLKSTON ICE PROCESSING CENTER,

    Respondent.

5:25-cv-13

## ORDER

The Magistrate Judge issued a Report and Recommendation that the Court grant Petitioner Dorian Ambrosi's ("Ambrosi") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and direct Respondent or other officials with Immigration and Customs Enforcement ("ICE") to release Ambrosi as soon as practicable to his family or to counsel. Dkt. No. 26. The Magistrate Judge also recommends that the Court grant Ambrosi's request for preliminary injunctive relief, though the Magistrate Judge recognizes the request is likely moot. Id. at 1 & n.5. Respondent filed Objections, and Ambrosi filed a Response. Dkt. Nos. 27, 28.

In his Objections, Respondent notes that Ambrosi's Petition and the issue of Ambrosi's ongoing detention in these circumstances appears to be an issue of first impression. Respondent does not contend the Magistrate Judge made any clear error or that the recommendation is contrary to law. Rather, Respondent states the

Magistrate Judge has not given the Department of Homeland Security ("DHS") enough time to complete the task of "begin[ning] the process of finding a different country to accept [Ambrosi]" once the withholding only proceedings terminated in Ambrosi's favor on June 9, 2025. Dkt. No. 27 at 3, 4 (quoting G.P. v. Garland, 103 F.4th 898, 902 (1st Cir. 2024)).[1] In addition, Respondent contends the Magistrate Judge applied Zadvydas v. Davis, 533 U.S. 678 (2001), "too rigidly" and without adequate consideration of the likelihood of Ambrosi's removal in the reasonably foreseeable future. Id. at 4.

Respondent concedes Ambrosi meets the first prong of Zadvydas, as he has been in post-removal detention much longer than the six-month presumptively reasonable period. Dkt. No. 7 at 7; Dkt. No. 26 at 5 (citing Zadvydas, 533 U.S. at 701). As the Magistrate Judge notes, Ambrosi has been granted withholding of removal to Ecuador and Respondent admits that DHS (or Immigration and Customs Enforcement ("ICE")) has yet to find another country where Ambrosi can be removed. Dkt. No. 26 at 5. In fact, Respondent states ICE "does not have an expected timeline for

---

[1] In G.P. v. Garland, the First Circuit Court of Appeals noted the petitioners in Zadvydas were in "a removable-but-unremovable limbo" unlike the petitioner in G.P. because the petitioner in G.P. was still in administrative proceedings. 103 F.4th at 901-02. Ambrosi is no longer in administrative proceedings. Additionally, DHS has begun the process of finding another country for Ambrosi's removal but has not had any success. Respondent has not stated any expected timeline for Ambrosi's removal.

2

[Ambrosi's] removal to a third country." Dkt. No. 22 at 2. These admissions lead the Court to conclude that Ambrosi has shown there is no significant likelihood of his removal in the reasonably foreseeable future. Dkt. No. 26 at 5-6 (citing Zadvydas, 533 U.S. at 701).

The Magistrate Judge did not conclude that Ambrosi's removal to a third country is impossible, only that Ambrosi meets the Zadvydas standard, namely that Ambrosi has shown that he has been in post-removal proceedings for longer than the presumptively reasonable six-month period and that his removal to a third country is not significantly likely to happen in the reasonably foreseeable future. Thus, Ambrosi's continued detention is no longer authorized by statute. And Respondent has failed to justify ICE's continued detention of Ambrosi based on national security or public health concerns or by a showing that Ambrosi is specially dangerous. Id. at 6 (referencing 8 C.F.R. § 241.4; quoting Dkt. No. 25 at 1). What is more, DHS has now had over three months' time to find a third country that will accept Ambrosi for removal and has been unable to do so, despite its attempts. Respondent presents nothing in his Objections and other filings that indicates Ambrosi will be removed any time in the foreseeable future, particularly given that DHS has not identified a country to which Ambrosi may be deported.

Thus, after an independent and de novo review of the entire record, the Court **OVERRULES** Respondent's Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. I **GRANT** Ambrosi's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, dkt. no. 1, and **DIRECT** Respondent or other ICE officials to release Ambrosi to counsel or his family as soon as practicable.[2] Because of this ruling, the Court **DENIES as moot** Ambrosi's Motion for Preliminary Injunction. Dkt. No. 2.

**SO ORDERED**, this 29 day of September, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court notes Ambrosi was transferred to another facility outside of this District prior to the issuance of the Magistrate Judge's Report and Recommendation. Dkt. No. 19.